UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
------------------------------------------------------------
EDWARD C. HUGLER, Acting Secretary of : 
Labor, United States Department of Labor,

                Plaintiff,

      v.

J.R. ORTIZ SECURITY INC.; JESUS RAUL
ORTIZ SERRANO; and YVONNE SANTANA,

              Defendants.
------------------------------------------------------------

**COMPLAINT**

Civil Action File No.

Plaintiff Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor, (the "Secretary") alleges:

## JURISDICTION AND VENUE

1. This action arises under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("Act"), alleging that Defendants J.R. Ortiz Security Inc., Jesus Raul Ortiz Serrano, and Yvonne Santana, violated Section 7 and 11(c), and 15(a)(2) and (a)(5) of the Act.

2. This Court has subject matter jurisdiction over this action pursuant to Section 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

3. Venue with respect to this action lies within the District of Puerto Rico because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this district.

## PARTIES

4. Defendant J.R. Ortiz Secruity Inc. is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, having its principal office and place of business at Urb.

1

Lomas Verdes Calle Nevado 4F-10, Bayamon, Puerto Rico 00956, within the jurisdiction and venue of this Court, where it is engaged in the business of providing security services.

5. Defendant J.R. Ortiz Security Inc. has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of Section 3(d) of the Act.

6. Defendant Jesus Raul Ortiz Serrano ("Ortiz Serrano") is the founder of Defendant J.R. Ortiz Security Inc. and is presently the corporation's president and owner.

7. Defendant Ortiz Serrano is in active control of J.R. Ortiz Security Inc. and regulated the employment of all persons employed by him. He has the authority to and did hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and/or maintain employment records. Accordingly, Ortiz is a person acting directly or indirectly in the interests of the defendant corporation in relation to the employees, and is thus an employer within the meaning of Section 3(d) of the Act.

8. Defendant Yvonne Santana ("Santana") is the administrator of Defendant J.R. Ortiz Security Inc.

9. Defendant Santana is in active control of Defendant J.R. Ortiz Security Inc. and regulated the employment of all persons employed by her. She has the authority to and does hire and fire employees, supervise and control employee work schedules or conditions of employment, and/or determine employee pay. Accordingly, Santana is a person acting directly or indirectly in the interests of the defendant corporation in relation to the employees, and is thus an employer within the meaning of Section 3(d) of the Act.

10. On information and belief, Santana and Ortiz Serrano are married.

11. The business activities of the Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

12. Defendants J.R. Ortiz Security Inc., Ortiz Serrano, and Santana have employed or are employing employees as security guards, including those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce. The enterprise employs employees that handle goods or materials that have been moved in or produced for commerce such as firearms.

13. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.

14. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## FACTS

15. Defendants provide security guard services to client entities across the Commonwealth of Puerto Rico, and until recently, provided security guard services to Supermercados Econo, a Puerto Rican supermarket chain.

### The Security Guards are Employees

16. At all relevant times, Defendants employ or employed approximately 57 employees to serve as armed or unarmed security guards. The armed security guards carry firearms.

17. Defendants required at least some of their employees employed as security guards to wear uniforms bearing the logo of J.R. Ortiz Security Inc.

18. At all relevant times, Defendants entered into contracts with their clients to provide security guard services and to supply the necessary security guards at specific client locations.

19. Defendants assigned and posted their employees at the premises of Defendants' client entities, where the employees provided security services.

20. Defendants set their employees' work schedules and required their employees to sign daily attendance sheets.

21. Defendants set the rate of pay for their employees.

22. Defendants paid their employees a regular rate of pay which ranged from approximately $7.25 to $8.00 per hour.

23. At all relevant times, defendants' employees employed as security guards had no opportunity for profit or loss.

24. Defendants' employees employed as security guards are an integral part of Defendants' business, and Defendants would not be able to provide security guard services without them.

25. Notwithstanding the circumstances concerning the relationship between Defendants and their employees who worked as security guards as set forth above, Defendants misclassified some of their security guard employees as professional services or "independent contractors."

### Defendants' Pay and Recordkeeping Practices

26. In certain workweeks, Defendants' employees employed as security guards worked in excess of forty hours. Specifically, employees employed as security guards typically

worked between approximately forty-one to fifty hours in a workweek, but sometimes worked in excess of sixty hours in a workweek.

27. For these workweeks, Defendants compensated their employees at their regular rate of pay regardless of the hours worked in excess of forty hours in a workweek.

28. For example, for the workweek ending Friday May 10, 2015, Defendants paid employees who worked 44 hours per week at straight time for all hours despite working four overtime hours during that workweek.

29. As a result, Defendants failed to compensate approximately 57 former and current employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

30. Defendants failed to make, keep, and preserve adequate and accurate records, including addresses for all of their employees, as required under Section 11 of the Act and as prescribed by the Regulations issued and found at 29 CFR Part 516.

31. Defendant J.R. Ortiz Security Inc. had been previously investigated by the Department of Labor's Wage and Hour Division for possible violations of the Act, and in the wake of this investigation, Defendant J.R. Ortiz Security Inc. knew or should have known of its overtime obligation under the Act.

32. Defendants have willfully and repeatedly violated the provisions of the Act as alleged above during the three-year period that predates the date of the filing of this Complaint.

## **FIRST CAUSE OF ACTION**

(Violation of Section 7 and 15(a)(2) of the Act)

33. The Secretary incorporates by reference and realleges all of the allegations in the preceding paragraphs of the Complaint.

34. Defendants have willfully violated Sections 7 and 15(a)(2) of the Act by employing approximately 57 former and current employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

35. Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

## SECOND CAUSE OF ACTION

(Violation of Section 11(c) and 15(a)(5) of the Act)

36. The Secretary incorporates by reference and realleges all of the allegations in the preceding paragraphs of the Complaint.

37. Defendants have willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records, including addresses for their employees, total hours worked each workweek, and total weekly straight-time earnings, as prescribed by the Regulations issued and found at 29 CFR Part 516.

## RELIEF REQUESTED

WHEREFORE, cause having been show, Plaintiff prays for judgment against Defendants providing the following relief:

1. For an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due to Defendants' employees listed on the attached Exhibit A and to any employees presently unknown to Plaintiff for the period covered by this Complaint, and an equal amount as liquidated damages; or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants from withholding the amount of unpaid minimum wage and overtime compensation found due to Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4. For an Order awarding Plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

DATED: February 24, 2017
New York, NY

      s/ Nicholas C. Geale
NICHOLAS C. GEALE
Acting Solicitor

      s/ Jeffrey S. Rogoff
JEFFREY S. ROGOFF
Regional Solicitor

      s/ Andrew M. Katz

U.S. Department of Labor
Office of the Regional Solicitor
New York, NY 10014
(646) 264-3650
Katz.Andrew@dol.gov
NY-SOL-ECF@dol.gov

ANDREW M. KATZ (Govt. Atty. No. G01717)
Trial Attorney

Attorneys for EDWARD C. HUGLER
Acting Secretary of Labor, Plaintiff

# EXHIBIT A

|    | First Name | MI | Last Name |
|----|------------|----|-----------|
| 1  | JAIME      | X  | ALVAREZ ROJAS |
| 2  | DAVID      |    | ANDUJAR MOLINA |
| 3  | YESIBELL   |    | ARROYO RIVERA |
| 4  | CARLOS     | M  | AVILES RIVERA |
| 5  | LUIS       |    | AYALA MATOS |
| 6  | RENE       |    | AYALA ORTIZ |
| 7  | LUIS       | A  | BAEZ |
| 8  | LUIS       | A  | CABRERA BENITEZ |
| 9  | JOSE       | G  | CAMACHO |
| 10 | JOSE       |    | CORDERO MOJICA |
| 11 | JUAN       |    | CORTES |
| 12 | JOEL       | I  | CRUZ TRUJILLO |
| 13 | NILDA      |    | DE JESUS GONZALEZ |
| 14 | JAVIER     | G  | DELGADO AGOSTO |
| 15 | ANTONIO    |    | DELGADO ASCENCIO |
| 16 | ALEXIS     |    | DELGADO CARABALLO |
| 17 | JOSE       | D  | FONSECA SANTIAGO |
| 18 | NELSON     | F  | GOMEZ TORRES |
| 19 | JOSE       | M  | GONZALEZ ALVAREZ |
| 20 | HARRY      | W  | GONZALEZ GONZALEZ |
| 21 | ELIASIB    |    | HERNANDEZ ACEVEDO |
| 22 | DAVID      | J  | LABOY RIVERA |
| 23 | ASTRID     | C  | LOPEZ PEREZ |
| 24 | RAMON      |    | MALDONADO ECHEVARRIA |
| 25 | JORGE      | L  | MALDONADO RUIZ |
| 26 | JOEL       | O  | MEDINA DELGADO |
| 27 | LORENZO    |    | MELENDEZ CARABALLO |
| 28 | NORBERTO   |    | MOLINA |
| 29 | ROSA       | I  | MOLINA NEGRON |
| 30 | SANTOS     |    | MONTALVO LUCIANO |
| 31 | ROBERTO    |    | NIEVES MORALES |
| 32 | RICARDO    |    | OLIVA REYES |
| 33 | RAMON      | L  | PEREZ DAVILA |
| 34 | LUIS       | A  | PEREZ DE LA ROSA |
| 35 | XAVIER     |    | RAMOS CARMONA |
| 36 | JOAQUIN    |    | RIVERA MARTINEZ |
| 37 | JUAN       | C  | RIVERA ORTIZ |
| 38 | LUIS       | A  | RIVERA RIVERA |

| 39 | ABETZHAIL |   | RODRIGUEZ |
|----|-----------|---|-----------|
| 40 | RAUL | | RODRIGUEZ GONZALEZ |
| 41 | EFRAIN | | RODRIGUEZ RIVERA |
| 42 | MARILUZ | | ROMAN FIGUEROA |
| 43 | LUIS | A | ROMAN REYES |
| 44 | JUAN | C | ROSA CABALLERO |
| 45 | CARLOS | | ROSA SANTIAGO |
| 46 | WILFREDO | | ROSADO LAZA |
| 47 | JUAN | M | ROSARIO DAVILA |
| 48 | JOSE | A | ROSSY COLON |
| 49 | JUAN | R | SANCHEZ HEYLIGER |
| 50 | FELIX | | SANTANA |
| 51 | SILVIA | | SILVA SOLANO |
| 52 | VICTOR | A | TOLENTINO HENRIQUEZ |
| 53 | LUIS | A | TORRES AYALA |
| 54 | ISMAEL | | VAZQUEZ |
| 55 | JUAN | A | VAZQUEZ SANTOS |
| 56 | ANGEL | M | VEGA LOPEZ |
| 57 | ALEXANDER | A | VELAZQUEZ FERNANDEZ |