UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

R. ALEXANDER ACOSTA, Secretary of Labor, :
United States Department of Labor,

                    Plaintiff,                          Civil Action No. 3:17-cv-01278 (DRD)

            v.                                  **CONSENT JUDGMENT**

J.R. ORTIZ SECURITY INC.; JESUS RAUL
ORTIZ SERRANO; and YVONNE SANTANA, :

                    Defendants.

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") has filed his Complaint alleging that Defendants J.R. Ortiz Security Inc., Jesus Raul Ortiz Serrano and Yvonne Santana ("Defendants"), Individually and as Officers and/or Owners (collectively, "Defendants") have violated sections 7, 11(c) and 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201 et seq., ("the Act"). Defendants have appeared by Counsel, and agree to the entry of this Consent Judgment without contest.

Defendants acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment.

    1.    The Secretary's Complaint alleges that defendants violated sections 7, 11(c), and 15(a)(2), and 15(a)(15) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. by failing to pay their employees overtime wages; and failing to make, keep and preserve adequate and accurate records.

    2.    Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this

1

Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

3. Defendants agree to pay the overtime compensation and liquidated damages to the current and former employees listed on Exhibit A.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their bona fide non-exempt employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, such records of employees and of the wages, hours, and other conditions and practices of employment, as

prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(3) Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate against an employee, including soliciting the repayment of compensation paid to an employee pursuant to this Consent Judgment, because the employee engages in or is believed to have engaged in any of the following activities:

    a. Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

    c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Further, the Court finding that unpaid overtime compensation is owed and shall be paid to the current and former employees listed on Exhibit A, which is attached hereto, in the

amount of $10,500 plus an equal amount of liquidated damages of $10,500 for a grand total amount ("Total Amount Due") of $21,000.00:



A. ORDERED that defendants are enjoined and restrained from withholding the payment of a total of $10,500.00 in back wages owed to their current and former employees in the amounts listed on Exhibit A.

B. It is further ORDERED that defendants shall pay $10,500.00 in liquidated damages due to current and former employees in the amounts listed in Exhibit A.

III.  To accomplish the requirements of paragraph II for the payment of $21,000 in back wages and liquidated damages plus post-judgment interest pursuant to 28 U.S.C. § 1961, Defendants shall deliver the following payments:

(1)  Payments of back wages and liquidated damages, plus post-judgment interest calculated at the rate of 1.78% per annum, will be made in installments in accordance with the amounts and due dates set forth in Exhibit B. All installment payment(s) shall be in separate cashier or certified checks made payable to "Wage and Hour Division - Labor" with "Case No. 1795057" written on the face of each check.

(2)  Defendants shall send all checks to:

United States Department of Labor – Wage & Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA  19106-3317

(3)  Defendants shall send a copy of each payment and cover letter to:

Wanda Lopez, Assistant District Director
U.S. Department of Labor, Wage and Hour Division
Caribbean District Office
T-Mobile Center
B-7 Tabonuco Street, Suite 1104
Guaynabo, PR 00968

4

IV.     The Secretary shall distribute defendants' payment less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibit A. Any sums not distributed to the employees or their personal representatives or estates because of inability to locate the proper persons or because of such persons' refusal to accept such sums shall be forwarded to the Wage and Hour Division at the address listed in paragraph III(2). Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

V.      Defendants shall provide to the Secretary the social security number, if such is available, and the last known addresses of each former or current employee listed in Exhibit A within 20 days of the date of execution of this Consent Judgment.

VI.     ORDERED that neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment.

VII.    With respect to the payments shown in Exhibit B, a seven (7) calendar-day grace period shall be allowed for receipt of each payment. In the event that the U.S. Department of Labor does not receive the payment by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify defendants through their attorney, Aurimir Arocho Torres, by email at aurimir@yahoo.com. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorney. If the U.S. Department of Labor does not receive payment within ten (10) days of such notification, then the total amount due under this Consent Judgment of $21,00.00 plus post-

judgment interest, less any amounts already received by the Secretary pursuant to this Consent Judgment, shall become due immediately and the Court will appoint a Receiver. No action or non-action by the Secretary shall constitute a waiver of this paragraph.



VIII.   In the event a Receiver is appointed, it is ORDERED that:

(1)   Defendants shall produce to the court-appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Consent Judgment. In addition, the defendants shall submit to an accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides.

(2)   All the expenses of the accountant or Receiver shall be borne solely by defendants.

(3)   The Receiver shall serve until the payment of the monetary terms of this Consent Judgment is satisfied.

(4)   The Receiver shall have full authority to: collect the defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under their judgment.

IX.   ORDERED that defendants shall post the attached Exhibit C in Spanish, for which the Secretary shall provide translations, to ensure that employees are able to understand Exhibit C. Defendants shall display Exhibit C where employees may easily view them within 30

days of the date of entry of this Consent Judgment and shall maintain Exhibit C in a conspicuous place for a period of one year from the date of entry of this Consent Judgment.

X.   ORDERED that defendants shall provide a copy of Exhibit C to all of their current employees within 30 days of the date of entry of this Consent Judgment.

XI.   Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against the defendants under section 16(b) of the Act for any violations alleged to have occurred after August 7, 2016.

XII.   Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED:**

DATED: _____, 2018
       San Juan, Puerto Rico

_____
HONORABLE DANIEL R. DOMINGUEZ
SENIOR UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

J.R. ORTIZ SECURITY, INC.

_____          BY: _____, Owner
JESUS RAUL ORTIZ SERRANO,
Individually

_____          AURIMIR AROCHO TORRES LAW OFFICES
YVONNE SANTANA, Individually       PSC
                                   PO Box 192281
                                   San Juan, Puerto Rico 00919-2281
                                   *Attorney for Defendants*

8

AFF# 25,232

On the 23 day of February, 2018 before me came Jesús Raul Ortiz Serrano to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of J.R. ORTIZ SECURITY, INC., described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC



AFF# 25,231

On the 23 day of February, 2018 before me came JESUS RAUL ORTIZ SERRANO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC



AFF# 26,349

On the 23 day of febrero, 2018 before me came YVONNE SANTANA, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC





## EXHIBIT A

| First Name | MI | Last Name | Back Wages Due | Liquidated Damages Due | Total |
|---|---|---|---|---|---|
| JAIME | X | ALVAREZ ROJAS | $789.65 | $789.65 | $1,579.30 |
| DAVID | | ANDUJAR MOLINA | $327.06 | $327.06 | $654.12 |
| YESIBELL | | ARROYO RIVERA | $23.57 | $23.57 | $47.14 |
| CARLOS | M | AVILES RIVERA | $692.42 | $692.42 | $1,384.84 |
| LUIS | | AYALA MATOS | $246.03 | $246.03 | $492.06 |
| RENE | | AYALA ORTIZ | $165.00 | $165.00 | $330.00 |
| LUIS | A | BAEZ | $34.14 | $34.14 | $68.28 |
| LUIS | A | CABRERA BENITEZ | $436.68 | $436.68 | $873.36 |
| JOSE | G | CAMACHO | $70.71 | $70.71 | $141.42 |
| JOSE | | CORDERO MOJICA | $29.46 | $29.46 | $58.92 |
| JUAN | | CORTES | $754.29 | $754.29 | $1,508.58 |
| JOEL | I | CRUZ TRUJILLO | $17.70 | $17.70 | $35.40 |
| NILDA | | DE JESUS GONZALEZ | $48.69 | $48.69 | $97.38 |
| JAVIER | G | DELGADO AGOSTO | $117.86 | $117.86 | $235.72 |
| ANTONIO | | DELGADO ASCENCIO | $22.10 | $22.10 | $44.20 |
| ALEXIS | | DELGADO CARABALLO | $29.51 | $29.51 | $59.02 |
| JOSE | D | FONSECA SANTIAGO | $112.70 | $112.70 | $225.40 |
| NELSON | F | GOMEZ TORRES | $696.09 | $696.09 | $1,392.18 |
| JOSE | M | GONZALEZ ALVAREZ | $17.68 | $17.68 | $35.36 |
| HARRY | W | GONZALEZ GONZALEZ | $113.39 | $113.39 | $226.78 |
| ELIASIB | | HERNANDEZ ACEVEDO | $85.45 | $85.45 | $170.90 |
| DAVID | J | LABOY RIVERA | $54.46 | $54.46 | $108.92 |
| ASTRID | C | LOPEZ PEREZ | $35.36 | $35.36 | $70.72 |
| RAMON | | MALDONADO ECHEVARRIA | $26.52 | $26.52 | $53.04 |
| JORGE | L | MALDONADO RUIZ | $23.57 | $23.57 | $47.14 |
| JOEL | O | MEDINA DELGADO | $149.54 | $149.54 | $299.08 |
| LORENZO | | MELENDEZ CARABALLO | $257.08 | $257.08 | $514.16 |
| NORBERTO | | MOLINA | $229.93 | $229.93 | $459.86 |
| ROSA | I | MOLINA NEGRON | $126.70 | $126.70 | $253.40 |
| SANTOS | | MONTALVO LUCIANO | $241.73 | $241.73 | $483.46 |
| ROBERTO | | NIEVES MORALES | $164.19 | $164.19 | $328.38 |
| RICARDO | | OLIVA REYES | $707.15 | $707.15 | $1,414.30 |
| RAMON | L | PEREZ DAVILA | $25.20 | $25.20 | $50.40 |
| LUIS | A | PEREZ DE LA ROSA | $47.14 | $47.14 | $94.28 |
| XAVIER | | RAMOS CARMONA | $20.32 | $20.32 | $40.64 |
| JOAQUIN | | RIVERA MARTINEZ | $116.40 | $116.40 | $232.80 |

| First Name | MI | Last Name | Back Wages Due | Liquidated Damages Due | Total |
|---|---|---|---|---|---|
| JUAN | C | RIVERA ORTIZ | $338.85 | $338.85 | $677.70 |
| LUIS | A | RIVERA RIVERA | $70.71 | $70.71 | $141.42 |
| ABETZHAIL | | RODRIGUEZ | $47.14 | $47.14 | $94.28 |
| RAUL | | RODRIGUEZ GONZALEZ | $61.77 | $61.77 | $123.54 |
| EFRAIN | | RODRIGUEZ RIVERA | $66.29 | $66.29 | $132.58 |
| MARILUZ | | ROMAN FIGUEROA | $47.14 | $47.14 | $94.28 |
| LUIS | A | ROMAN REYES | $60.41 | $60.41 | $120.82 |
| JUAN | C | ROSA CABALLERO | $104.04 | $104.04 | $208.08 |
| CARLOS | | ROSA SANTIAGO | $313.80 | $313.80 | $627.60 |
| WILFREDO | | ROSADO LAZA | $169.07 | $169.07 | $338.14 |
| JUAN | M | ROSARIO DAVILA | $318.62 | $318.62 | $637.24 |
| JOSE | A | ROSSY COLON | $45.67 | $45.67 | $91.34 |
| JUAN | R | SANCHEZ HEYLIGER | $732.20 | $732.20 | $1,464.40 |
| FELIX | | SANTANA | $338.61 | $338.61 | $677.22 |
| SILVIA | | SILVA SOLANO | $117.86 | $117.86 | $235.72 |
| VICTOR | A | TOLENTINO HENRIQUEZ | $335.90 | $335.90 | $671.80 |
| LUIS | A | TORRES AYALA | $45.67 | $45.67 | $91.34 |
| ISMAEL | | VAZQUEZ | $114.92 | $114.92 | $229.84 |
| JUAN | A | VAZQUEZ SANTOS | $23.57 | $23.57 | $47.14 |
| ANGEL | M | VEGA LOPEZ | $56.90 | $56.90 | $113.80 |
| ALEXANDER | A | VELAZQUEZ FERNANDEZ | $35.39 | $35.39 | $70.78 |
| Total | | | $10,500.00 | $10,500.00 | $21,000.00 |

## EXHIBIT B

| Payment No. | Date Due | Amount Due | Interest | Total Amount Due |
|---|---|---|---|---|
| 1 | March 15, 2018 | $10,500.00 | | $10,500.00 |
| 2 | April 15, 2018 | $867.88 | $15.58 | $883.46 |
| 3 | May 15, 2018 | $869.17 | $14.29 | $883.46 |
| 4 | June 15, 2018 | $870.46 | $13.00 | $883.46 |
| 5 | July 15, 2018 | $871.75 | $11.71 | $883.46 |
| 6 | August 15, 2018 | $873.05 | $10.41 | $883.46 |
| 7 | Sept. 15, 2018 | $874.34 | $9.12 | $883.46 |
| 8 | October 15, 2018 | $875.64 | $7.82 | $883.46 |
| 9 | November 15, 2018 | $876.94 | $6.52 | $883.46 |
| 10 | December 15, 2018 | $878.24 | $5.22 | $883.46 |
| 11 | January 15, 2019 | $879.54 | $3.92 | $883.46 |
| 12 | February 15, 2019 | $880.84 | $2.62 | $883.46 |
| 13 | March 15, 2019 | $882.15 | $1.31 | $883.46 |
| TOTAL | | $21,000.00 | $101.52 | $21,101.52 |

EXHIBIT C

Aviso a los Empleados

Su patrono ha establecido un acuerdo a una demanda con el Departamento del Trabajo Federal y entró en un acuerdo de demanda, el cual ha sido aprobado por un juez. El acuerdo requiere que su patrono pague dinero a algunos de los que trabajaron en J.R. Ortiz Security Inc. desde el 11 de agosto de 2014 hasta el 7 de agosto de 2016. El dinero será desembolsado directamente por el Departamento del Trabajo Federal. Por favor llame al Departamento del Trabajo Federal al (787) 775-1947 para actualizar su información de contacto.

Si usted recibe dinero del acuerdo, usted tiene derecho a quedarse con el dinero. Es contrario a la ley que J.R. Ortiz Security Inc., Jesús Raúl Ortiz Serrano o Yvonne Santana, o cualquier otra persona actuando de parte de ellos, pedirle el dinero devuelto o descontarlo de su paga.

También es contrario a la ley que su patrono despida, amenace a despedirlo o llame a las autoridades de ley o de inmigración, reducir sus horas, o discriminar contra usted de cualquier otra forma por aceptar el dinero del acuerdo, proveer información al Departamento del Trabajo Federal, y/o quejarse por no recibir el salario mínimo o pago por horas extras que usted ha trabajado. Su patrono debe pagarle a los empleados por todas las horas trabajadas, incluyendo horas extras por todas las horas trabajadas sobre las 40 en una semana de trabajo a una tasa de 1.5 veces su salario por hora.

Si usted no ha sido pagado por todas las horas trabajadas, o le han pedido a usted que devuelva el pago acordado, o toman represalia en su contra, por favor llame al Departamento del Trabajo Federal al (787) 775-1947. Su nombre será mantenido confidencial hasta donde permita la Ley.